

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Bianchi
County Auditor
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. 0-5580
Re: The Commissioners' Court
of Victoria County has no
legal authority to pay a
deputy sheriff additional
compensation as finger-
print expert.

Your letter of September 2, 1943, requesting the opinion of this department on the question presented in your inquiry reads in part as follows:

"I have been asked by the Sheriff of this County, to write your good office and ascertain, if it would be within the law for the Commisaioners Court, to grant an additional compensation to a deputy in his office, due to the fact that this Deputy has charge and is a finger print expert for Victoria County.

"The last Federal Census of Victoria County showed a population of 23761, and under the law the salaries of a deputy shall be $125.00 per month, and the valuation of Victoria County is $21,000,000.00. We are of the opinion that the last Federal Census as taken was incorrect, due, to the fact that quite a number of the communities in this County were not canvassed, and, according to the last OPA ration registration the population showed some 33000.

"The Officers of Victoria County are having great hardships in maintaining deputies and clerks, due to the fact of the two U. S. Air Bases located here, have taken all available help and are still advertising for more men. The Sheriff has just received resignation of a deputy who has been in his office for the past seven years.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL ————

Honorable John C. Bianchi, page 2

"Would appreciate hearing from you if the Commissioners Court has the authority to pay this deputy additional compensation, as deputy and finger print expert."

Victoria County has a population of 23,761 inhabitants according to the 1940 Federal Census. Article 3902, Vernon's Annotated Civil Statutes, provides in part:

". . . . The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each."

The maximum compensation of the chief deputy sheriff in Victoria County cannot exceed Eighteen Hundred ($1800.00) Dollars per annum. The maximum compensation of other deputy sheriffs in said county cannot exceed the sum of Fifteen Hundred ($1500.00) Dollars per annum each.

Paragraph b of Article 3899, Vernon's Annotated Civil Statutes, provides in part:

". . . . The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment, in keeping with the system in use with the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification. . . . ."

The Public Safety Director is authorized by Article 4413 (14), Vernon's Annotated Civil Statutes:

Honorable John C. Bianchi, page 3


". . . . to offer assistance, and, when practicable, instruction, to sheriffs, chiefs of police, and other peace officers in establishing efficient local bureaus of identification in their districts."

Generally speaking, it is stated in Texas Jurisprudence, Vol. 34, p. 531:

"An officer is not entitled to any compensation in addition to that which has been fixed by law for the performance of the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office, and the officer by his acceptance thereof is deemed to have engaged to perform them without compensation. . . ."

It is further stated in Texas Jurisprudence, Vol, 34, p. 534:

"As we have seen, an officer is not entitled to receive any compensation for his official services other than that which has been provided by law. He may not recover from third persons compensation for the performance of acts within the scope of his official duties; and effect will not be given to a contract whereby he is to receive from the county or from third persons a different, or a greater or less compensation for his official services than that which has been prescribed by law. But as to acts which an officer is under no obligation to perform because of his official character, he stands as does any non-official person; which such a person may lawfully do he may do, and contracts which the private individual may make and enforce he may make and enforce. The commissioners' Court may employ him to perform services which are not required of him by law, and may contract to pay him additional compensation therefor. He may enter into agreements with private individuals to render unofficial services in consideration of the payment of direct compensation therefor; and he may earn a

Honorable John C. Bianchi, page 4

reward if he is under no obligation because of
his official position to do the particular act
for which the reward has been promised." (Also
see authorities cited by Texas Jurisprudence under
the foregoing quotation.)

It is our opinion that any services performed by
a deputy sheriff as a finger print expert are services per-
formed within the scope of his official duties. Apparently
the Legislature intended for the Sheriff or his deputies to
perform such services in their official capacity, when qual-
ified, as the Legislature authorized the Commissioners'
Court to purchase and pay for equipment for a Bureau of
Criminal Identification for the Sheriff (see Article 3899,
supra).

In view of the foregoing, it is the opinion of this
department that any services performed by a deputy sheriff as
a finger print expert are performed in his official capacity
and within the scope of his official duties. Therefore, it
is our further opinion that a deputy sheriff would not be en-
titled to any extra or additional compensation for such ser-
vices. As above stated, the maximum salary for the Chief
Deputy Sheriff of Victoria County cannot exceed Eighteen Hundred
(£1800.00) Dollars per year. The maximum compensation of other
deputy sheriffs of said county cannot exceed Fifteen Hundred
(£1500.00) Dollars per annum each.

                                    Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                    By  *Ardell Williams*

                            Ardell Williams
                            Assistant

AW/JCP                    APPROVED SEP 10, 1943

            *Gerald C. Mann*
            ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION